## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| FRIENDS OF ANIMALS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES FISH AND<br>WILDLIFE SERVICE,<br>an agency of the United States,<br><br>　　　　Defendant.<br>_____ | Civ. No.<br><br><br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF<br>(FREEDOM OF INFORMATION ACT)** |

## **INTRODUCTION**

1.　　This action is brought to remedy violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Specifically, it challenges the failure of the U.S. Fish and Wildlife Service ("Federal Defendant") to provide a final determination, including all responsive documents, to Plaintiff Friends of Animals' ("Plaintiff") December 28, 2015 request for information ("Request").

2.　　In the Request, Plaintiff asked for all documents in Federal Defendant's possession related to the determination of the endangered status for lion subspecies *Panthera leo leo* and threatened status for *Panthera leo melanochaita* by the U.S. Fish and Wildlife Service under the Endangered Species Act (ESA). Plaintiff also sought all documents related to the concurrent rule under section 4(d) of the ESA. *See* Exhibit A.

3.　　As of the date on this Complaint, Federal Defendant has not made a final determination regarding the release of documents, nor has Federal Defendant provided a timeline or other plan for compliance with the requirements of FOIA to indicate when or whether the Request will be fully satisfied. Instead, Federal Defendant periodically sends documents in response to the Request.

4. Federal Defendant is unlawfully withholding public disclosure of information that Plaintiff is entitled to receive under FOIA. By failing to make either a timely determination or timely and complete releases after the initial tranche of documents, Federal Defendant failed to comply with the statutory mandates and deadlines imposed by FOIA.

5. Accordingly, Plaintiff seeks declaratory relief establishing that Federal Defendant has violated FOIA. Plaintiff also seeks injunctive relief directing Federal Defendant to make a final determination on the Request, provide a timeline for the release of the remaining documents, and promptly provide the requested material free of cost.

## **JURISDICTION AND VENUE**

6. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question). This Court may grant the declaratory relief under 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act) and injunctive relief under 5 U.S.C. § 552(a)(4)(B) (FOIA). An actual, justiciable controversy exists within the meaning of the Declaratory Judgment Act between Plaintiff and Federal Defendant. The Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district as the district in which a plaintiff resides. Friends of Animals maintains a principle office here in Colorado. Venue is also proper under 28 U.S.C. § 1391(b) because the defendant is subject to personal jurisdiction in this federal district.

**PARTIES**

8. Friends of Animals is a nonprofit international advocacy organization with nearly 200,000 members, incorporated in the state of New York since 1957. Friends of Animals seeks to free animals from cruelty and exploitation around the world, and to promote a respectful view of non-human, free-living and domestic animals. Friends of Animals engages in a variety of advocacy programs in support of these goals. Friends of Animals informs its members about animal advocacy issues as well as the organization's progress in addressing these issues through its magazine *Action Line*, its website, and other reports. Friends of Animals has published articles and information advocating for the protection of wild species so that they can live unfettered in their natural habitats.

9. In 2013, Friends of Animals created the Wildlife Law Program. The program established its principal office in Centennial, Colorado. The office consists of five full-time employees and one part-time employee. Through this office, Friends of Animals submitted the Request at issue in this action.

10. The interests of Plaintiff and its members are harmed by Federal Defendant's failure to release the requested documents in a timely manner, which prevents Plaintiff from obtaining, analyzing, disseminating and using the requested information to advance Plaintiff's missions of ensuring the protection of lions and, in particular, these two specific subspecies of African lion.

11. Federal Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1). Federal Defendant is responsible for fulfilling Plaintiff's Request and complying with all federal laws.

**STATUTORY BACKGROUND**

12. Congress enacted FOIA to ensure public access to U.S. government records. FOIA carries a presumption of disclosure. *Dep't of State v. Ray*, 502 U.S. 164 (1991). Upon receipt of a written request that "reasonably describes" the records sought and complies

with "published rules . . . and procedures to be followed," agencies of the United States government are required to "promptly" disclose their records, unless they can be lawfully withheld from disclosure under one of the nine specific exemptions in FOIA. 5 U.S.C. § 552(a)(3)(A). The burden is on the government—not the requestor or public—to justify why particular information may be withheld. *Ray*, 502 U.S. at 164.

13. FOIA requires agencies to "determine within 20 days . . . after the receipt of any such request whether to comply with such request and . . . immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i).

14. On determination by an agency to comply with the request, the records shall be made "promptly available." *Id.* § 552(a)(6)(C).

15. In "unusual circumstances," an agency may extend the time limits for up to 10 working days by providing written notice to the requester setting forth the unusual circumstance(s) and the date on which the determination is expected to be dispatched. *Id.* § 552(a)(6)(B).

16. In some limited circumstances, FOIA allows an agency to seek an extension potentially beyond 10 days. Specifically, FOIA requires an agency to provide written notification to the requester: (1) offering an opportunity to limit the scope of the request so that it may be processed within the 20-workday limit, or (2) offering an opportunity to arrange with the agency an "alternative time frame" for processing the request. *Id.* § 552(a)(6)(B)(ii). If the agency elects this option, it must make its FOIA Public Liaison available to the requester to assist in any disputes with the agency. *Id.*

17. If the agency fails to make a determination on a document request within 20 working days, or within the limited additional time permitted upon proper notification of "unusual circumstances," the requester is deemed to have constructively exhausted

4

administrative remedies and may seek judicial review. *Id.* § 552(a)(6)(C); *Oglesby v. Dep't of Army*, 920 F.2d 57(D.C. Cir 1990); *Nurse v. Sec'y of the Air Force*, 231 F. Supp. 2d 323, 328 (D.D.C. 2002) ("The FOIA is considered a unique statute because it recognizes a constructive exhaustion doctrine for purposes of judicial review upon the expiration of certain relevant FOIA deadlines.")

18. FOIA requires that the agency "shall make the records promptly available to any person" and may not defer release of responsive documents indefinitely. *Id.* § 552 (a)(3)(A). Failure to issue a determination and to complete the release of documents in a timely fashion is a violation of FOIA even if the initial response and releases may have been prompt. *Munger, Tolles, Olsen v. Dept. of Army*, 58 F. Supp. 3d 1050 (C.D. Cal 2014). *See also Fiduccia v. U.S. Dep't of Justice*, 185 F.3d 1035, 1041 (9th Cir. 1999)("Congress gave agencies 20 days, not years, to decide whether to comply with requests and notify the requesters."); *Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982) ("[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses.").

## **FACTUAL BACKGROUND**

19. On December 28, 2015, Plaintiff submitted the Request under FOIA to Federal Defendant reasonably describing all documents of which Plaintiff sought disclosure.

20. On January 4, 2016, Federal Defendant provided electronic notification via email confirming receipt of the Request on December 30, 2015. In the confirmation, Federal Defendant stated that the Request as submitted would be categorized under the "exceptional/voluminous processing track" and would therefore take more than sixty days to complete. Federal Defendant presented Plaintiff with the opportunity to "narrow" the scope of Request and then explained that the agency would be in contact about the scope of the Request along with a response to Plaintiff's fee waiver request.

21. On January 7, 2016, Plaintiff replied to Federal Defendant's email. Plaintiff clarified the Request to focus primarily on the production of "all records concerning hunting lions, including sport-hunting and trophy-hunting" and stated that if this portion of the Request was prioritized, then Plaintiff would be willing to wait for the rest of the response.

22. On February 1, 2016, Federal Defendant communicated with Plaintiff via email stating that Plaintiff's fee waiver request had been approved, but that the ability to prioritize the release of specific records related to hunting lions before the rest of the release was not possible. Hence, Federal Defendant would continue to categorize the Request under the "exceptional/voluminous processing track" and requests would be organized on a first-in/first-out basis—meaning that more time may pass before the agency could respond to the original FOIA Request.

23. On February 2, 2016, Federal Defendant communicated to Plaintiff via email that the agency needed a 10-workday extension to ensure that it could gather all the pertinent information relevant to Plaintiff's Request.

24. On March 18, 2016, Federal Defendant corresponded with Plaintiff via email stating that it was providing the first release of responsive records on a DVD that would be sent by mail to Plaintiff on the same date. Federal Defendant communicated that it expected to release the next set of records related to the Request during the week of April 11, 2016.

25. On April 12, 2016, Federal Defendant corresponded with Plaintiff via email stating that it was providing the second release of responsive records on a DVD that would be sent by mail to Plaintiff on the same date. Federal Defendant communicated that it expected to release the next set of records related to the Request during the week of May 9, 2016.

26. On May 18, 2016, Federal Defendant corresponded with Plaintiff via email stating that it would not be able to meet its previously anticipated timeframe for the next release of records nor provide any further documents responsive to the Request at that time. Federal Defendant communicated that it expected to provide the next incremental release of records during the week of June 6, 2016.

27. On June 15, 2016, Federal Defendant released its third set of records to Plaintiff via email and communicated that it expected the next set of records to be provided during the week of July 5, 2016.

28. On July 14, 2016, Federal Defendant communicated with Plaintiff via email that it would be releasing the fourth set of records on a CD sent by mail on the same date. Federal Defendant stated that it expected to release the next set of records during the week of August 15, 2016.

29. On September 21, 2016, Federal Defendant communicated with Plaintiff via email that it was providing the sixth release of records in attachments. Federal Defendant stated that it expected to release the next set of records during the week of October 17, 2016.

30. On October 20, 2016, Federal Defendant communicated with Plaintiff via email that it was sending the seventh release of records on a CD via Fed-Ex on the same date. Federal Defendant stated that it expected to release the next set of records during the week of November 21, 2016.

31. On November 22, 2016, Federal Defendant communicated with Plaintiff via email that it was sending the eighth release of records on a CD via Fed-Ex on the same date. Federal Defendant stated that it expected to release the next set of records during the week of December 19, 2016.

32. On January 4, 2017, Federal Defendant communicated with Plaintiff via email that it was sending the ninth release of records on a CD via Fed-Ex on the same date.

Federal Defendant stated that it expected to release the next set of records during the week of February 13, 2017.

33. On March 20, 2017, Federal Defendant communicated with Plaintiff via email that it was sending the tenth release of records on a DVD on the same date. Federal Defendant stated that it expected to release the next subsequent set of records during the week of April 24, 2017.

34. On March 28, 2017, Plaintiff communicated with Federal Defendant via email to inquire as to when Plaintiff could expect the final release date of documents related to the original Request. Federal Defendant replied on the same date that it could not "provide an anticipated final release date at this time".

35. On May 1, 2017, Federal Defendant communicated with Plaintiff via email that it was sending the eleventh release of records via Fed-Ex on the same date. Federal Defendant stated that it expected to release the next set of documents during the week of May 29, 2017.

36. On May 22, 2017, Federal Defendant communicated with Plaintiff via email that it was providing the twelfth release of records in electronic attachments on the same date. Federal Defendant stated that it had not determined when the final release date would be and anticipated the next set of records to be released during the week of June 19, 2017.

37. On June 2, 2017, Plaintiff communicated with Federal Defendant via email to inquire as to whether Federal Defendant had ever sent the fifth interim release, as Plaintiff did not have this release in its records. Federal Defendant replied saying that it had, forwarding the original email communication with documents attached to Plaintiff dated August 11, 2016, but also commenting that it had never received a "read receipt."

38. Plaintiff believes and alleges that Federal Defendant is unlawfully withholding public disclosure of information sought by Plaintiff, information to which

Plaintiff is entitled to receive promptly, and for which Federal Defendant has not provided a valid disclosure exemption.

39. Federal Defendant has offered no reasonable explanation for its delay, and it has failed to estimate when it will finally be able to comply with its obligations under FOIA.

**CLAIM FOR RELIEF**
**Violation of Freedom of Information Act**
*Failure to Respond with a Determination*

40. Plaintiff herein incorporates all allegations contained in the preceding paragraphs.

41. FOIA provides that any person may promptly obtain those agency records that are not subject to the FOIA disclosure exemptions. 5 U.S.C. § 552 (a)(3)(A).

42. Plaintiff properly requested records within the control of Federal Defendant.

43. Federal Defendant failed to provide Plaintiff with a final determination as to whether Federal Defendant has any non-exempt records responsive to the Request and whether it intended to release such records within the required timeframe. *Id.* §§ 552(a)(6)(A)(i), 552(a)(6)(B).

44. Federal Defendant has failed to promptly make available responsive documents without unreasonable delay.

45. Federal Defendant's failures to comply with FOIA are subject to judicial review under 5 U.S.C. § 552 (a)(4)(B). Federal Defendant's failure to issue a determination within the statutory deadlines violates 5 U.S.C. § 552 (a)(3)(A).

46. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to a determination on its Request.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment providing the following relief:

1. Declare that Federal Defendant violated FOIA by failing to (1) make a determination on Plaintiff's Request and (2) make records responsive to Plaintiff's Request available within the statutory deadlines;

2. Order Federal Defendant to (1) provide Plaintiff with a final determination and (2) process and release all records responsive to the Request at no cost to Plaintiff within 10 days from the date of such order;

3. Retain jurisdiction of this action to ensure the processing of the Request, and to ensure that no agency records are wrongfully withheld;

4. Award Plaintiff costs, including reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant Plaintiff any other relief that the Court deems just and proper.

Dated: June 22, 2017                                         Respectfully Submitted,


/s/ Michael Harris
Michael Ray Harris
Director, Wildlife Law Program
Friends of Animals
7500 E. Arapahoe Road, Suite 385
Centennial, CO 80112
720-949-7791
michaelharris@friendsofanimals.org